IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

RICKY BERNARD THORNTON, )
)
            Petitioner, )
)
vs. ) No. CIV-07-1321-W
)
WALTER DINWIDDIE, Warden, )
)
           Respondent. )

## ORDER

On March 2, 2009, United States Magistrate Judge Doyle W. Argo issued a Report and Recommendation in this matter and recommended that the Court deny the Petition for Writ of Habeas Corpus ("Petition") filed pursuant to title 28, section 2254 of the United States Code by petitioner Ricky Bernard Thornton. Thornton was advised of his right to object, and the matter now comes before the Court on Thornton's Objections to the Report and Recommendation.

Thornton was convicted in the District Court of Oklahoma County, Oklahoma, on March 6, 2006, after he pled guilty to one count of first degree burglary, after former conviction of a felony. State v. Thornton, No. CF-2003-1173. He was sentenced to a period of incarceration of ten (10) years.[1]

On May 1, 2006, Thornton filed a Motion to Withdraw Plea of Guilt, which was denied on May 5, 2006. The state district court judge, The Honorable Twyla Mason Gray, found that Thornton had failed to withdraw his plea of guilty within the ten-day period

---

[1] Thornton entered into a plea agreement with the State of Oklahoma ("State"), whereby in return for Thornton's plea of guilty, the State agreed to charge Thornton with only one (1) prior felony conviction, even though he had seven (7) prior felony convictions, and to the imposition of a ten-year sentence.

provided by Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, 22 O.S. Ch. 18 App. Thornton thereafter unsuccessfully sought post-conviction relief on several occasions as well as modification of his sentence.

Upon de novo review, the Court finds no authority has been cited and no evidence has been presented that support Thornton's contentions that his plea was unknowing and involuntary due to his alleged incompetence and trial counsel's misrepresentations as set forth in Ground One of his Petition or his allegations that trial counsel was ineffective because counsel failed to request a competency hearing, failed to request certain unidentified discovery and failed to initiate an appeal on his behalf as set forth in Ground Two of his Petition.[2] In Ground Two, Thornton also complained that he was innocent of the crime charged, but that trial counsel nevertheless advised him to plead guilty.

---

[2] In his Objections to the Report and Recommendation, Thornton has stated that "[t]he sole issue to be decided by this Court in this case is whether petitioner was denied an appeal of his conviction through no fault of his own," Objections at 2, and he has further stated that his claim is controlled by the United States Supreme Court's decision in Roe v. Flores-Ortega, 528 U.S. 470 (2000).

In Roe, the Supreme Court found that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. The Supreme Court instructed that "courts must take into account all of the information counsel knew or should have known," id. (citation omitted), and that "[o]nly by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal." Id.

The instant record reveals not only that Thornton acknowledged that he understood his right to appeal and that a written application to withdraw his plea of guilty had to be filed within ten (10) days of the date of his sentencing, but also that Thornton did not request trial counsel to perfect an appeal on his behalf. The Court agrees with Magistrate Judge Argo's finding that in the absence of such request and because there is no constitutional infirmity that would require setting aside Thornton's plea, Thornton is not entitled to relief.

2

Accordingly, the Court concurs with Magistrate Judge Argo's suggested disposition of this matter, and

(1) ADOPTS the Report and Recommendation [Doc. 27] issued on March 2, 2009;

(2) DENIES Thornton's Petition [Doc. 1] file-stamped November 23, 2007; and

(3) ORDERS that judgment issue in favor of respondent Walter Dinwiddie, Warden.

ENTERED this 31st day of March, 2009.

LEE R. WEST
UNITED STATES DISTRICT JUDGE